WILSON, J., CONCURRING IN PART AND DISSENTING IN PART:
¶ 9. I concur in Part 1 of the majority opinion but dissent as to Part 2. "All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered." Miss. Code Ann. § 75-17-7 (Rev. 2016). In this case, Keesler Federal is entitled to attorney's fees under the "contract[s] evidencing the debt[s] on which the judgment ... was rendered." Id. Therefore, attorney's fees clearly are part of the judgment "founded on" those contracts. Id. The statute provides that the entire "judgment[ ] ... shall bear interest," id. -not just the part that represents the debt sued on. There is no basis in the statute's language for denying post-judgment interest on part of the judgment. The statute also clearly specifies the interest rate for the judgment: "the same rate as the contract evidencing the debt." Id.
¶ 10. The majority seems to agree "that the statute makes the award of interest mandatory," even on the part of the judgment that is attorney's fees. Ante at (¶ 6). Nonetheless, the majority says that Keesler Federal is not entitled to any interest on that part of the judgment because "Keesler Federal just assumes that the rate of interest on principal must govern the entire judgment." Id. The majority says that Keesler Federal has not "thoroughly argued" this "issue of first impression." Id.
¶ 11. I am less bothered by Keesler Federal's assumption. Like Keesler Federal, I assume that the interest rate on the principal *923 applies to the entire judgment. That is what I understand the statute to say: the "judgment[ ] ... shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered." Miss. Code Ann. § 75-17-7. The contractual interest rate is clear, and I would not expect such contracts to provide for different post-judgment interest rates for attorney's fees, court costs, or late fees.
¶ 12. Nor do I fault Keesler Federal for not "thoroughly" arguing the issue. As the majority says, this appears to be an issue of first impression, so there are no on-point cases to cite. In addition, Saucier did not file a brief, so there were no counter-arguments for Keesler Federal to address. The Court can resolve this rather straightforward issue of statutory interpretation without additional argument. See The Federalist No. 78 (Hamilton) ("The interpretation of the laws is the proper and peculiar province of the courts .... It therefore belongs to them to ascertain ... the meaning of any particular act proceeding from the legislative body."); Bureau of Alcohol, Tobacco & Firearms v. Fed. Labor Relations Auth. , 464 U.S. 89, 98 n.8, 104 S.Ct. 439, 78 L.Ed.2d 195 (1983) ("deciding what a statute means" is a "quintessential judicial function").
¶ 13. Raising this issue without resolving it will simply invite litigation. We should just go ahead and interpret the statute. I would hold that the entire judgment bears interest at the contractual rate. Therefore, I respectfully dissent as to Part 2 of the majority opinion.
LEE, C.J., GRIFFIS, P.J., BARNES AND CARLTON, JJ., JOIN THIS OPINION.